## KRUSE v. SEEGER & GUERNSEY CO.

*(City Court of New York, General Term. October 15, 1891.)*

TROVER AND CONVERSION—SALE BY DEFENDANT—INSTRUCTIONS.

In an action for the conversion of goods alleged to have been furnished to defendant as samples from which to sell other similar goods. it is proper to refuse a charge t at, as the goods came lawfully into defendant's possession, it is incumbent on plaintiff to show that he now has control of them, and can return them, so that if defendant has sold them the verdict should be for him.

Appeal from trial term.

Action by Charles Kruse against the Seeger & Guernsey Company. From a judgment entered on the verdict of a jury in favor of the plaintiff and from the order denying a new trial defendant appeals.

Argued before EHRLICH, C. J., and VAN WYCK and NEWBURGHER, JJ.

*Wilmot & Gage*, for appellant.  *A. Walker Otis*, for respondent.

VAN WYCK, J.   The complaint alleges a cause of action in tort for the conversion of certain samples of merchandise, and is brought to recover about $100, the value of the same.   The evidence on behalf of the plaintiff was that these samples were delivered to defendant for the purpose of enabling it to sell for plaintiff merchandise of similar character and quality, that the samples were to be returned upon his request, and that one year thereafter he demanded their return, which was refused.   The evidence on behalf of defendant was that the merchandise was not delivered to it as samples to be returned, but was sold and delivered to it at an agreed price, and that long before such demand for the return of the same it had been sold by defendant.   The evidence presented a disputed question of fact as to what was the nature of the transaction, and the trial judge properly instructed the jury that, if the transaction was found to be a sale and delivery for an agreed price, the verdict must be for defendant, but if, on the other hand, it should be determined that the merchandise had been delivered as samples to be returned upon demand, and the return had been demanded and refused, then the verdict should be for plaintiff.   The verdict was for plaintiff, and should not be disturbed.   Complaint is made by the defendant against the refusal of the judge to charge his request, which was as follows: "I ask your honor to charge the jury that, if they find as a matter of fact that these goods have been sold by the defendant, although there was a conversion, yet that they should render a verdict for the defendant, because if it is beyond their ability to return these goods, having sold them, the things came lawfully into their possession at first; and upon these facts it is incumbent upon the plaintiff to show that the defendants now have control of these goods, and can return them, in order to recover."   That the judge in refusing to charge as requested did exactly what he should have done is too apparent to call for expressions of justification.   The judgment must be affirmed, upon the facts and the law, with costs.   All concur.